CITY OF MILLER, Respondent, v. MILLER, et al., Appellants.

(139 N. W. 775.)

**1.   Deed—Delivery—Sufficiency of Evidence.**

> The facts disclosed by testimony of one of grantors in a deed, as to non-delivery thereof and concerning the terms and conditions upon which it was to be delivered, being practically undisputed, **held**, that the finding of trial court that the deed was delivered is contrary to the clear preponderance of evidence.

**2.   Appeal—Evidence—Exclusion of Evidence—Prejudicial Error.**

> On the issue of delivery of a deed to a town, the exclusion of evidence of one of the grantors in the deed, tending to show that another deed was to have been procured and delivered as a condition of the delivery of the deed in question, which evidence was practically undisputed, was prejudicial error.

(Opinion filed February 10, 1913.)

Appeal from Circuit Court, Hand County.   Hon. JOHN F. HUGHES, Judge.

Action by the City of Miller against E. J. Miller and others, to quiet title.   From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

*Gaffy, Stephens & Fuller,* for Appellants.

"A condition precedent is, as the term implies, such as must happen or be performed before the estate dependent upon it can arise or be enlarged." (American and English Encyclopedia of Law, Vol. 6, page 500, Second Edition.)

"Where such condition is copulative, the whole must be performed before the estate can arise; likewise if an act consists of several particulars."   (Idem 505.)

"Conditions precedent must be punctually performed, and until they are performed, no estate vests."   (Idem 505.)

"A condition precedent must be strictly literally performed." (Idem 504).

As to the law governing conditions of this kind, we cite the cases of Brannon v. Mesick, 10 Cal. 95; Stockton v. Weber, 98 Cal. 433; Tenn. & Coosa Ry. Co. v. East Ala. Ry. Co., 73 Ala. 426; Johnson v. Warren, 42 N. W. 74.

The court erred in denying the defendants' motion for judgment and findings at the close of the case (page 60 supra), and in denying the defendants' motion for a new trial (page 61, supra), made on the ground that the evidence herein was insufficient to support a judgment or findings for the plaintiff; and under this assignment will be discussed the entire question of the sufficiency of the evidence in this case.

There never was a delivery of this deed; there never was a compliance with the conditions of the deed; neither title nor possession have ever been in the plaintiff and no scrap of evidence can be found in this entire case to support the findings of the Court. It has been decided by this Court that the judgment of the trial court would be reversed unless the same was supported by a clear preponderance of the evidence.

*Glen M. Waters* and *S. V. Ghrist,* for Respondent.

There is a presumption of the delivery of the deed, both from its possession by the grantee, recording, and long time possession by the grantee and acquiescence of the grantors. Cyc. Vol. 13, p. 691; Conway v. Rock, 117 N. W. 273; Burrows v. Hicks, 120 N. W. 727; in re Bigham Estate, 120 N. W. 1054; Schurz v. Schurz, 128 N. W., 944; Cassidy v. Holland, 130 N. W. 771.

The defendant, E. J. Miller, attempts to show by his own testimony that the deed was not delivered.

Miller knew the deed was in possession of the grantee, at least as far back as 1891. He saw it then in a box in the town clerk's office. (Appellants' brief, pages 8-9). It does not seem that he made any attempt to regain possession of the deed at that time or since. He has acquiesced in possession by the grantee at least twenty years.

I do not think the testimony of E. J. Miller sufficient to overcome the presumption of proper delivery of the deed.

A conveyance upon condition subsequent passes title, subject to defeat for breach of condition, affirmative action by the grantor being necessary to defeat the title conveyed. Lanbs Estate v. Morrow, (Iowa) 117 N. W. 1118; Strathers v. Woodcox, 121 N. W. 51.

SMITH, J. Appeal from the circuit court of Hand county. Action by the city of Miller, an incorporated town, to quiet title to certain property alleged to have been conveyed to the city for park

purposes. The defendants were grantors, under whom the city claimed title. The answer alleged that the plaintiff's claim of title was through a certain deed from defendants, E. J. Miller and William H. Miller, to plaintiff, which deed had never been delivered; that said alleged deed was executed May 25, 1887, and recorded August 9, 1897. The answer further alleged that said deed contained certain conditions precedent to the vesting of title in the defendant city, which conditions had never been fulfilled.

In the view we take of this case, the latter defense becomes immaterial, and need not be further noticed. The trial court found that on the 25th of May, 1887, defendants E. J. Miller and W. H. Miller were the owners in fee of the premises described in the complaint, and on that date executed and delivered to the incorporated town of Miller a warranty deed for the premises described. Appellants allege insufficiency of evidence to sustain the finding that the deed was delivered, and in this we think appellants are right.

[1]    At the trial plaintiff offered in evidence the deed in question and rested its case. E. J. Miller, being called as a witness for the defense, testified that in the year 1887 he resided in the town of Miller, upon property facing the premises in dispute; that said premises were in a very unsanitary condition, caused by a pond thereon; that A. D. Hill, and one McWhorter owned property adjoining, which was in the same condition; that about May 12, 1887, a citizens' meeting was held in the town of Miller, and a committee, consisting of Bushfield, Fitzgerald, Heiley and Costigan, were appointed to procure deeds to the premises owned by the Millers, Hill and McWhorter to the town of Miller; that witness had a conversation with these parties, in which it was stated that, if the Millers executed a deed, it was not to be delivered to the town until like deeds were obtained from Hill and McWhorter for the adjoining premises; that later another citizens' meeting was held, at which a committee of five was appointed to procure deeds, and to superintend the work to be done for the purpose of establishing a park and lake on the premises; that the Millers had a conversation with this committee on the 25th of May, 1887, in which the witness and his brother stated that they would give a deed only upon condition that the committee obtained deeds from Hill and McWhorter; that the conversation was mostly with one

Stamm, a member of this last-named committee; that the deed from defendants· to the city was delivered to Stamm, with the express agreement and understanding that the same would be returned to them, if the committee did not receive deeds from Hill and McWhorter, and that they would keep all the deeds until the drainage was completed; that the committee stated and agreed that they would not deliver the deeds to the town authorities, unless the improvements specified in the deed were completed within the time therein provided. The witness was thereupon asked to state if he knew whether or not this committee ever procured from Hill a deed of any kind to the property mentioned. Plaintiff objected to the question as irrelevant and immaterial and not binding upon the plaintiff, which objection was sustained by the court, and this ruling is assigned as error. Witness further testified that he was town clerk of the town of Miller in 1891; that he found the deed in question in a box in the office of the town clerk, and also a deed from McWhorter; that it was given back to McWhorter by the witness; that he took the deed belonging to himself and Wm. H. Miller, and put it in a pigeon hole in the clerk's office, and, when he left the office, failed to take the deed with him, through oversight; that he had never authorized any person to deliver the deed, and did not know how·it came to be recorded. Defendant also offered considerable testimony tending. to show that the alleged conditions precedent in the deed had never been complied with; but, as we do not deem this evidence material to the decision on this appeal, it need not be referred to.

Plaintiff then called in rebuttal J. J. Fitzgerald, who testified that he had lived in Miller 29 years, and knew the property, and had heard Mr. Miller's testimony in relation to the citizens' committee; that he did not remember very much about it, as it was quite a while ago, that he had an impression he was present at the citizens' meeting held on the 12th of May, 1887, in the courthouse, as testified by Mr. Miller, but that he did not remember any of the proceedings; that he was appointed on the committee to procure deeds to the land; that he had no recollection of a meeting of Bushfield, Stamm and himself with Mr. Miller, in his store, or any conversation with Mr. Miller, in relation to getting deeds from Hill and other parties; that he did not remember getting a deed from Mr. Miller, ·and did not know what was done with such a

deed; that he had no recollection of any tranaction of procuring these deeds at all. J. A. Bushfield, called as a witness, testified that he had lived in Miller 28 years, and was acquainted with the tract of land in controversy, that he does not remember any conversation with Mr. Miller as a member of the committee, and was surprised to learn, by reference to a newspaper he then published, that he was on the committee, and remembered no conversation with Mr. Miller in relation to the deeds, and that he never saw any deed.

No other testimony appears in the record with reference to the delivery of the deed from the Millers to the town, except that Mr. Miller was asked to testify as to certain proceedings alleged to have been had by the town board with relation to the return of the deed to himself, which, upon objection, was excluded by the court as secondary evidence. The facts disclosed by the testimony of Miller, as to the terms and conditions upon which the deed was to be delivered, are practically undisputed, and, if true, did not constitute a delivery of the deed to the grantee therein named. The issue of non-delivery of the deed was clearly presented by the pleadings.

[2] The testimony of Miller that his deed was not to be delivered to the grantee until a like deed was obtained from both Hill and McWhorter is practically undisputed. The exclusion of competent evidence tending to show that no deed was ever obtained from Hill was prejudicial error. We are also of opinion that the finding of the trial court that the defendants delivered the deed to the property in dispute to the plaintiff, the town of Miller, is contrary to the clear preponderance of the evidence, and the finding and judgment of the trial court must be reversed, and a new trial awarded to appellants.